1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   TODD M. CHISM, individually,

8                           Plaintiff,          NO:  12-CV-0386-TOR

9          v.                                   ORDER DENYING PLAINTIFF'S
                                                MOTION FOR SUMMARY
10  STATE OF WASHINGTON, by and                 JUDGMENT
    through the WASHINGTON STATE
11  PATROL; GREG RIDDELL,
    individually; and GREG
12  BIRKELAND, individually,

13                          Defendants.

14

15          BEFORE THE COURT is Plaintiff's Motion for Summary Judgment

16  Finding Excessive Use of Force in Violation of 42 U.S.C. § 1983 as a Matter of

17  Law (ECF No. 14).  This matter was heard with oral argument on June 5, 2013.

18  Susan C. Nelson and Robert A. Dunn appeared on behalf of the Plaintiff.  Carl P.

19  Warring appeared on behalf of Defendants.  The Court has reviewed the briefing

20  and the record and files herein, and is fully informed.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

BACKGROUND

2      Plaintiff Todd M. Chism claims that Defendants are liable under 42 U.S.C.

3  § 1983 for constitutional violations including the use of excessive force, unlawful

4  arrest, and the denial of due process; as well as claims of malicious prosecution,

5  vicarious liability, assault, "infliction of emotional distress," negligence, and

6  outrage. *See* ECF No. 1.  Presently before the Court is Plaintiff's motion for

7  summary judgment finding excessive use of force in violation of 42 U.S.C. § 1983

8  as a matter of law, primarily based on the legal doctrine of collateral estoppel, also

9  referred to as issue preclusion.

10

FACTS

11      On April 6, 2010, the Washington State Patrol ("WSP") received a report

12  regarding a full-size pickup truck off the roadway on Highway 291, directly across

13  the highway from Plaintiff's home.  Plaintiff's Statement of Material Facts

14  Pursuant to LR 56.1, ECF No.15 ("PSMF") at ¶¶ 6, 9. The Stevens County Fire

15  Department arrived on scene first and set up a scene control.  Defendants'

16  Response Statement of Material Facts, ECF No. 19 ("Def. Response") at ¶ 6.  It is

17  undisputed that Plaintiff was observed attempting to dig his vehicle out of the sand.

18  Defendant WSP Trooper Greg Riddell ("Riddell") arrived on scene.  Shortly

19  thereafter Defendant WSP Trooper Greg Birkeland ("Birkeland") also arrived on

20  scene, and the Troopers released the Fire Department from traffic control duties.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

Def. Response at ¶ 15. Trooper Riddell asked Plaintiff to engage in field sobriety tests.  The events that followed are heavily disputed by the parties.

Plaintiff recalls that upon arriving on the scene, Trooper Birkeland announced that "he knew who Plaintiff Chism was." PSMF at ¶ 14.  Plaintiff believed that Riddell and Birkeland had a vendetta against him due to false child pornography charges brought against him in 2008 and the subsequent lawsuit brought by Plaintiff against the WSP in 2009. *Id*. at ¶¶ 13-15.  According to Plaintiff, at this point both Defendant Troopers began threatening Plaintiff with arrest, and then shooting him with tasers in both "dart and drive-stun mode" at least seven times, and "brutally" beating Plaintiff including optical nerve strikes and choking. *Id*. at ¶¶ 14-19.  Plaintiff allegedly suffered injuries including lacerations on his face and neck, swollen eye and jaw, chipped tooth, and bruised ears. *Id*. at ¶¶ 18-19.

Defendants maintain that Plaintiff smelled of alcohol, was unable to respond to questions, and admitted that he had been drinking but claimed it had been four hours since his last drink.  Def. Response at ¶¶ 10-11, 19.  Birkeland testified that he asked Plaintiff if they had met before because Plaintiff's name was familiar.  *Id*. at ¶ 20.  According to Defendants, at this point Plaintiff refused to continue with the field sobriety tests, demanded to know why Birkeland wanted to know his name, and became agitated with rigid and clenched fists.  *Id*. at ¶¶ 23-25.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

Birkeland recalls that he told Plaintiff he was under arrest and to turn around, to which Plaintiff originally complied, but then spun around and pulled free.  *Id*. at ¶¶ 26-27.  Riddell testified that he drew his taser and ordered Plaintiff to comply, but Plaintiff "started toward the Troopers again" so he deployed his taser.  The Troopers observed the taser had no effect, so Birkeland instructed Plaintiff to comply and deployed his taser.  According to Defendants, they attempted to cuff Plaintiff and used additional taser deployments to gain control over Plaintiff while he struggled, kicked, and grabbed at their tasers, handcuffs, and gun belts.  *Id*. at ¶¶ 28-36.  This altercation allegedly led to Plaintiff breaking Trooper Birkeland's thumb.  *Id*. at ¶ 38.  After Plaintiff was placed in handcuffs, Defendants contend that they flagged down a fire truck to attend to Plaintiff's injuries sustained in the altercation, but medics could not attend to Plaintiff because he was still verbally combative with the Troopers.  *Id*. at ¶¶ 41-42.  Plaintiff allegedly refused to remain seated, charged the Troopers again while handcuffed, and was tased again by Riddell. At this point, Plaintiff was placed in leg restraints, during which additional tasers were deployed as a "pain compliance technique."  *Id*. at ¶¶ 44-49.  Plaintiff was then transported to Mt. Carmel Hospital for treatment.

It is undisputed that Plaintiff was charged with assault, disarming an officer, resisting arrest, and driving under the influence.  In August 2011 a Stevens County jury acquitted Plaintiff of all criminal charges related to the April 2010 incident.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

At the close of the criminal proceedings, the jury was given a special verdict form and instructed that if Plaintiff's use of force was justified, he would be reimbursed by the State for his legal fees and costs.  The jury was instructed to refer to "Instruction 24" which defined Plaintiff's defense of lawful use of force as follows: "[a] person may use force to resist an arrest by someone known by the person to be a law enforcement officer only if the person being arrested is in actual and imminent danger of serious injury from an officer's use of excessive force." ECF No. 17-7.  The jury found by a preponderance of the evidence that Plaintiff's use of force was justified, and the State was ordered to pay Plaintiff's legal expenses.

In May 2012, Plaintiff filed a lawsuit in Spokane County Superior Court alleging that, among other claims, Defendants are liable under 42 U.S.C. § 1983 for constitutional violations including the use of excessive.  *See* ECF No. 1. Defendants properly removed the case to this Court in June 2012.

DISCUSSION

**A. Standard of Review**

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible

evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Id.* at 248.  Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party.  *Id.*  The court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## B. Excessive Force under 42 U.S.C. § 1983

A cause of action pursuant to 42 U.S.C. § 1983 may be maintained "against any person acting under the color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Southern Cal. Gas Co., v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003) (citing 42 U.S.C. § 1983).  The rights guaranteed by § 1983 are "liberally and

1  beneficently construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991).  Plaintiff

2  alleges constitutional violations including, but not limited to, the use of excessive

3  force.

4         In the Ninth Circuit, "[w]e analyze all claims of excessive force that arise

5  during or before arrest under the Fourth Amendment's reasonableness standard, as

6  guided by the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386

7  (1989)." *Coles v. Eagle*, 704 F.3d 624, 627 (9th Cir. 2012).  "[T]he

8  'reasonableness' inquiry in an excessive  force case is an objective one: the

9  question is whether the officers' actions are 'objectively reasonable' in light of the

10 facts and circumstances confronting them, without regard to their underlying intent

11 or motivation." *Graham*, 490 U.S. at 397.  Moreover, "the 'reasonableness' of a

12 particular use of force must be judged from the perspective of a reasonable officer

13 on the scene, rather than with the 20/20 vision of hindsight," and "allow for the

14 fact that police officers are often forced to make split second judgments – in

15 circumstances that are tense, uncertain, and rapidly evolving – about the amount of

16 force that is necessary in a particular situation." *Id*. at 396-397.

17         1.  State of Washington and Washington State Patrol as Defendants

18        As an initial matter, the Court agrees with Defendants that states and state

19 agencies are not susceptible to suits under 42 U.S.C. § 1983.  *See Will v. Michigan

20 Dept. of State Police*, 491 U.S. 58, 71 (1989)(holding neither a State nor its

officials acting in their official capacities are "persons" under § 1983); *Maldonado v. Harris*, 370, F.3d 945, 951 (9th Cir. 2004)(state agency not amenable to suit under § 1983).  Defendant Washington State Patrol is an agency of the State of Washington.  *See* Wash. Rev. Code § 43.43.010. Therefore, because neither the Washington State Patrol, nor the State of Washington, are "persons" within the meaning of § 1983, the Court must deny Plaintiff's motion for summary judgment as to these Defendants.[1]

2.  <u>Collateral Estoppel (Issue Preclusion)</u>

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The purpose of collateral estoppel is to "prevent litigation of already determined causes, curtail multiplicity of actions, prevent harassment in the courts, inconvenience to the litigants, and judicial economy." *State v. Dupard*, 93 Wash.2d 268, 272 (1980).  Application of collateral estoppel to a state court judgment in a federal civil rights action is governed by state law.  *See*

---

[1] At oral argument, Plaintiff argued that the State of Washington was somehow vicariously liable for the actions of its officers under § 1983.  However, it is well-established that vicarious liability is inapplicable to suits under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

1  *Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir. 1990).  The doctrine may be

2  applied in a civil action in which a party seeks to retry issues resolved in a previous

3  criminal case.  *See Hanson v. City of Snohomish*, 121 Wash.2d 552, 561 (1993).

4  Under Washington law, the burden is on the party asserting collateral estoppel to

5  show that:

> (1) the issue decided in the prior adjudication is identical with the one
> presented in the second action; (2) the prior adjudication must have ended in
> a final judgment on the merits; (3) the party against whom the plea is
> asserted was a party or in privity with the party to the prior adjudication; and
> (4) application of the doctrine does not work an injustice.

9  *Thompson v. Dep't of Licensing*, 138 Wash.2d 783, 790 (1999)(*citing Nielson v.*

10  *Spanaway Gen. Med. Clinic, Inc.*, 135 Wash.2d 255, 262-63 (1998)); *see also*

11  *Lopez-Vasquez v. Dep't of Labor and Indus. Of State of Wash*., 168 Wash. App.

12  341, 345 (Ct. App. 2012)(noting the burden is on party asserting collateral estoppel

13  and the failure to establish any one element is fatal to the claim).

14       As an initial matter, the Court notes that Plaintiff is asserting the "offensive"

15  form of collateral estoppel seeking to bar Defendants from re-litigating the

16  excessive force issue he alleges was previously litigated in his state criminal

17  proceedings; as opposed to the more common scenario in which a defendant estops

18  a plaintiff from re-litigating the same issue in a subsequent cause of action.  *See*

19  *e.g., Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979); *Mathioudakis*

20  *v. Fleming*, 140 Wash. App. 247, 251 n.2 (Ct. App. 2007)(noting collateral

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    estoppel can operate offensively). The Supreme Court has allowed for broad

2    discretion in applying offensive collateral estoppel, however, the Court cautioned

3    that a trial judge should not allow the use of offensive estoppel if its application is

4    unfair to the defendant.  *See id.* at 329-31.  Further, the doctrine of collateral

5    estoppel "is not to be applied with a 'hypertechnical' approach but rather, 'with

6    realism and rationality.'" *State v. Harrison*, 148 Wash.2d 550, 561 (2003)(*quoting*

7    *Ashe v. Swenson*, 397 U.S. 436, 444 (1970)).

8         Here, Plaintiff argues that he has met all of the required elements for

9    collateral estoppel because the prior criminal proceeding "unequivocally decided

10   the issue of Defendants' excessive force against Plaintiff." ECF No. 14 at 12.  In

11   the criminal proceeding, Plaintiff was ultimately acquitted on all charges including

12   assault and disarming a police office.  ECF No. 17-3.  The jury received

13   "Instruction 24" which defined Plaintiff's defense of lawful use of force: "[a]

14   person may use force to resist an arrest by someone known by the person to be a

15   law enforcement officer only if the person being arrested is in actual and imminent

16   danger of serious injury from an officer's use of excessive force."  ECF No. 17-7.

17   Additionally, at the close of the criminal trial the jury was asked to complete a

18   special verdict form to determine whether Plaintiff's use of force was justified,

19   which would require the State to pay his legal expenses.  ECF No. 17-8.  The jury

20   was instructed to use the same definition of lawful use of force as in Instruction 24.

*See id.* The jury found by a preponderance of the evidence that Plaintiff's use of force was justified, and Plaintiff therefore contends that the jury "necessarily concluded a preponderance of the evidence supported the conclusion that Defendant Troopers Riddell and Birkeland utilized excessive force…." ECF No. 14 at 12.

For the reasons stated below, the Court declines to apply collateral estoppel and find excessive force in violation of § 1983 as a matter of law.  The Court will address each element of collateral estoppel in turn.[2]

### i.    Identity

The party asserting collateral estoppel must establish that the issue decided in the prior adjudication is identical to the one presented in the subsequent action, and "where the controlling facts and applicable legal rules remain unchanged." *Lemond v. State, Dept. of Licensing*, 143 Wash. App. 797, 805 (Ct. App. 2008)(*citing Standlee v. Smith*, 83 Wash.2d 405, 408 (1974)).  "Further, issue preclusion is only appropriate if the issue raised in the second case 'involves

---

[2] Defendants do not challenge whether the prior adjudication ended in a final judgment on the merits.  However, in light of the Court's finding that Plaintiff fails to establish the three remaining criteria, it is not necessary for the Court to address this factor.  *See Lopez-Vasquez*, 168 Wash. App. at 345 (the failure to establish any one element is fatal to a claim of collateral estoppel).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

1   substantially the same bundle of legal principles that contributed to the rendering

2   of the first judgment,' even if the facts and the issue are identical." *Id*.

3        Plaintiff argues that the "jury could not have found Plaintiff's force justified

4   and held Defendant State liable absent a finding that Defendant Troopers engaged

5   in excessive force." ECF No. 31 at 3.  In addition to the jury's finding on the

6   special verdict form that Plaintiff's use of force was justified, Plaintiff cites to

7   extensive testimony and closing argument from the criminal trial that addressed the

8   issue of use of force issue, including the State's use of force expert.  See ECF Nos.

9   17-1, 17-4, 17-5, 32-4.  Plaintiff places special emphasis on the trial court's ruling

10  that the State's use of force expert be allowed to testify because "it would be part

11  of the substantive evidence here to prove the state's case," including training

12  provided to Defendants on how "to make an objectively reasonable decision"

13  under the totality of the circumstances." ECF No.32-2 at 20; ECF No. 32-3.  Thus,

14  Plaintiff contends that the challenges, evidence, and argument Defendants will

15  offer to defend against the excessive force claims in the instant case are identical to

16  those offered in trial court.  ECF No. 31 at 4 (*citing Hanson*, 121 Wash.2d at 562-

17  63).

18        Defendants argue there are distinct differences between the jury instruction

19  and the special verdict form in the criminal trial against Plaintiff, and the standard

20  for finding excessive force under the Fourth Amendment as Plaintiff is now

1   required to prove in the pending § 1983 claim.  The Court agrees.  The applicable

2   legal rule in the prior criminal proceeding was the definition of lawful force to

3   resist arrest.  While the definition of "lawful force" certainly included a

4   determination of whether Plaintiff was "in actual imminent danger of serious injury

5   from an officer's use of excessive force;" neither Instruction 24, nor the special

6   verdict form, instructed the jury in the criminal case as to what constitutes

7   "excessive force" or what factors should be considered in determining whether

8   excessive force was applied by Defendants.  The Court does not dispute Plaintiff's

9   suggestion the "issue of use of force" was "extensively" litigated during the

10  previous trial, or that the evidence offered in both trials will likely be similar.

11  However, the Court finds no evidence that the standard outlined by the Supreme

12  Court for determining whether Defendants used excessive force under the Fourth

13  Amendment was addressed during the criminal trial, much less that the jury was

14  advised of this standard when deciding the issue of lawful force.  *See Graham*, 490

15  U.S. at 396-97 (outlining four factors for balancing the nature of the intrusion on

16  an individual's Fourth Amendment rights against countervailing governmental

17  interests).  Thus, the applicable legal rules between the prior and subsequent

18  actions do not remain unchanged.  *See Lemond*, 143 Wash. App. at 805.  The Court

19  finds the identity of issues element is not met for the purposes of collateral

20  estoppel.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

### ii.    Privity

Plaintiff bears the burden of establishing that Defendants Birkeland and Riddell were parties or in privity with a party in the criminal proceedings. *See Thompson*, 138 Wash.2d at 790. "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Thus, as a general rule, "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). However, "courts are no longer bound by rigid definitions of the parties or their privies for the purposes of applying collateral estoppel…." *Jackson v. Hayakawa*, 605 F.2d 1121, 1126 (9th Cir. 1979). Rather, courts may still apply the doctrine if a non-party had a sufficient interest and participated in the prior litigation. *See id.*; *see also Mut. of Enumclaw Ins. Co. v. State Farm Mut. Ins. Co.*, 37 Wash. App. 690, 693 (1984)(finding privity where a person who is not a party "controls or substantially participates in the control of the presentation on behalf of a party.").

Plaintiff argues that the Defendants Birkeland and Riddell are in privity with the State of Washington, as agents of the State, and due to their extensive testimony during the criminal trial regarding their use of force. ECF No. 14 at 13. However, Washington law expressly "forbids the offensive use of collateral

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

estoppel against an agent when the action serving as the basis for the estoppel involved the principal but not the agent." *Everett v. Perez*, 78 F. Supp. 2d 1134, 1138 (E.D. Wash. 1999)(E.D. Wash. 1999)(*citing Ward v. Torjussen*, 52 Wash. App. 280, 283 (Ct. App. 1988)). Here, the State was a party to the criminal case but Defendant Birkeland and Riddell were not. Thus, collateral estoppel may not be used offensively by Plaintiff against these Defendants. Further, as in *Everett*, even if the Defendants Birkeland and Riddell were the "sole source of all the prosecution's evidence, there was no privity because they did not prosecute the [plaintiff]" and Plaintiff has not shown that they controlled or substantially participated in the litigation by making any "decisions about witnesses and evidence to actually present, or any of the other key legal and strategic decisions...." *Id.* at 1138-39; *see also Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir. 1971)(finding no privity because defendants were city police officers not employed by the state; and the officers "had no measure of control whatsoever over the criminal proceeding and no direct individual personal interest in its outcome."). For all of these reasons, the Court finds Defendants Birkeland and Riddell were not parties or in privity with the State of Washington in the underlying criminal trial for the purposes of offensive collateral estoppel.

///

///

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

### iii.    Injustice

The Court has already found that Plaintiff failed to establish identity of issues and privity; two elements necessary for the Court to apply collateral estoppel.  These findings are sufficient to end the Court's analysis, as the failure to establish even one element is fatal to Plaintiff's claim.  *See Lopez-Vasquez,* 168 Wash. App. at 345.  However, the Court briefly notes that Plaintiff also fails to show that the application of collateral estoppel will not work an injustice to the Defendants.  *See Thompson*, 138 Wash.2d at 790, 794-96.  This component of the collateral estoppel doctrine centers on the procedural fairness of the hearing and whether the parties received a "full and fair hearing on the issue in question."  *Id.* at 795-96; *see also State Farm Mut. Auto. Ins. Co. v. Avery*, 114 Wash. App. 299, 304-306 (Ct. App. 2002)(focusing on procedural safeguards including the opportunity to appeal) .  Thus, Washington courts often consider whether "the party against whom the estoppel is asserted [had] interests at stake that would call for a full litigational effort."  *Hadley v. Maxwell*, 144 Wash.2d 306, 312 (2001)(noting that collateral estoppel is an equitable doctrine "that will not be applied mechanically to work an injustice"); *see also Reninger v. Dep't of Corrections*, 134 Wash.2d 437, 453-54 (1998)(focusing on whether "sufficient incentive" existed for the concerned party to "litigate vigorously" at the underlying proceeding, such as great disparity of relief between the first and second action).

1      Plaintiffs argue that there is no injustice in this case because the issue of use

2   of force was submitted to the jury and "resulted in a finding that Defendants used

3   unlawful excessive force against Plaintiff Chism."  ECF No. 14 at 14.  Defendants

4   contend that Defendant Riddell and Defendant Birkeland have not had a full and

5   fair opportunity to defend themselves against Plaintiff's excessive force claim.  For

6   largely the same reasons outlined above, the Court agrees.  First, the State had

7   minimal incentive to litigate the special verdict as it was limited to determining if

8   Plaintiff had a right to be reimbursed for his defense costs as compared to the

9   individual Defendants in the instant case facing possible compensatory damages,

10  punitive damages, and attorney fees.  Second, the jury was never advised of the

11  framework for determining whether Defendant's actions rose to the level of

12  excessive force under the Fourth Amendment, thus denying Defendants the

13  opportunity fully and fairly litigate this issue in the underlying criminal

14  proceeding.  Third, Plaintiff has not established that Defendants Riddell and

15  Birkeland had any direct personal interest or control over the criminal proceeding.

16  *See Everett*, 78 F. Supp. 2d at 1139-40.  Finally, Defendants Riddell and Birkeland

17  had no opportunity to appeal.  *See State Farm*, 114 Wash. App. at 306.  For all of

18  these reasons, the Court finds the application of collateral estoppel in this case

19  would work an injustice on Defendants Riddell and Birkeland as they would be

20

denied the opportunity for a full and fair hearing on the § 1983 excessive force

claim asserted by Plaintiff.

3.  Excessive Force as a Matter of Law

In the alternative to his collateral estoppel claim, Plaintiff argues that

Defendants engaged in excessive force as a matter of law.  Determining whether an

officer's force was excessive or reasonable "requires a careful balancing of 'the

nature and quality of the intrusion on the individual's Fourth Amendment interests'

against the countervailing governmental interests at stake."  *Graham*, 490 U.S. at

396.  When assessing the governmental interests at stake under *Graham*, the court

should pay careful attention to several factors, including: (1) the severity of the

crime, (2) whether the suspect poses an immediate threat to the safety of the

officers and others, and (3) whether he is actively resisting arrest or attempting to

evade arrest by flight.  *Id*.; *see also Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.

2011) (the most important factor is whether the suspect poses an immediate threat

to the safety of the officers or others).  However, these factors are not exclusive

and must be considered in light of the totality of circumstances in a particular case.

*See Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994).  For instance, courts

may also consider "the availability of alternative methods of capturing or subduing

the suspect."  *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).  The

Ninth Circuit has noted that this balancing often requires the finder of fact to weigh

1  disputed factual assertions and thus summary judgment on excessive force cases

2  should be granted "sparingly." *Lolli v. County of Orange*, 351 F.3d 410, 415-16

3  (9th Cir. 2003).

4          Perhaps not surprisingly, Plaintiff focuses almost entirely on the quantum of

5  force allegedly used by Defendants, including but not limited to: multiple uses of a

6  taser in both dart-mode and drive-stun mode, temple strikes, a choke hold, and

7  total limb control.  ECF No. 14 at 15-17.  However, while Plaintiff briefly

8  mentions that the use of a taser "must be justified by a strong government interest,"

9  he fails to conduct any analysis of said government interest under the *Graham*

10 factors.  Most glaringly, Plaintiff fails to address Defendants' version of the facts

11 indicating that Plaintiff posed an immediate threat to the safety of the officers and

12 actively resisted arrest.  *See* ECF No. 19 at 4-7; *Graham*, 490 U.S. at 396.  Thus,

13 the Court cannot find as a matter of law that the force applied by Defendants

14 Riddell and Birkeland was objectively unreasonable under the totality of the

15 circumstances in this case.  In the light most favorable to the non-moving party,

16 genuine issues of material fact remain as to whether Defendants used excessive

17 force in violation of § 1983, and this matter is best left to the trier of fact.

18 //

19 //

20 //

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment Finding Excessive Use of Force in Violation of 42 U.S.C. § 1983 as a Matter of Law (ECF No. 14) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** June 7, 2013.



THOMAS O. RICE
United States District Judge